Richard F. Kuhnen, J.
This is an article 78 proceeding brought to annul certain actions of the Board of Trustees of the Village of Owego. On May 7, 1973 the board met and adopted a resolution discontinuing Bank Street as a public street. The purpose of the resolution was to permit construction of a new bank. Although the petition attacks the validity of the proceeding by which the resolution was adopted, the apparent purpose of this action is to forestall the destruction of two buildings, described by petitioners as historic, now located on the site of the proposed bank.
The efforts of petitioners as interested citizens to preserve what they consider part of the history and tradition of the Village of Owego is commendable. However, this court is not asked to make a decision in this respect and does not have either the background or factual information upon which to base any such determination. The only question before the court is whether or not the resolution discontinuing Bank Street was properly adopted.
Petitioners contend that the proceedings were not in compliance with article 3 of the Municipal Home Rule Law and former section 146' of the Village Law. Specifically they allege (1) that copies of the proposed resolution were not on the trustees’ desks seven days prior to the adoption of the reso *414 .on Municipal Home Rule Law, § 20, .subd. 4), (2) that no stenog.. v ,jhic minutes were taken of the proceedings, (3) that no notice was served upon adjoining landowners and merchants who might he adversely affected by the discontinuance (Village Law, § 146).
In regard to petitioners’ first point, the court finds that the provisions of article 3 of the Municipal Home Rule Law are not applicable to these proceedings. This article sets forth the procedure for the adoption of local laws, but subdivision 9 of section 2 of this law specifically exempts resolutions and' ordinances from the definition of local laws. Therefore, the trustees are not required to have copies of a resolution on their desks seven days prior to adoption.
The court also finds no requirement in either the Village Law or the Municipal Home Rule Law that stenographic minutes be taken at such a proceeding.
Subdivision 4 of former section 146 of the Village Law provided that notice of a proposed discontinuance of a street shall be given to “ each owner of1 land adjoining the part of the street proposed to be discontinued, and also upon the owner of land otherwise affected by the proposed discontinuance.” There are only two adjoining landowners, the United States Government and First-City National Bank, and the bank has waived service of such notice in writing as provided for in this section. Notice has also been served upon the United States in the manner prescribed by former section 330 of the Village Law.
Petitioner George L. Penney conducts a business on Lake Street in Owego and claims to be adversely affected by the closing of Bank Street. If this be the case, he may be entitled to notice as “ the owner of land otherwise affected by the proposed discontinuance.” However, other than the fact that he owns a business on a nearby street, he has presented no evidence to the court of the manner in which he is “ otherwise affected ’ ’ such as to entitle him to notice of the proceedings. (See People ex rel. Mershon v. Shaw, 34 App. Div. 61.)
Furthermore, Mr. Penney admits that he was present at the trustees’ meeting and apparently was given a full opportunity to participate and to be heard. Accordingly, the court finds that the proceedings were not invalid for failure to give notice to Mr. Penney.
All statutory requirements of section 146 of the Village Law having been complied with, petition is hereby dismisséd.